**SO ORDERED.**

**SIGNED this 08 day of December, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **DONALD WAYNE SMITH,** | 09-03171-8-JRL |
| DEBTOR. | |
| | |
| **AUTOMOTIVE FINANCE CORPORATION,** | |
| Plaintiff, | ADVERSARY PROCEEDING |
| | NO.  L-09-00148-8-AP |
| v. | |
| **DONALD WAYNE SMITH,** | |
| Defendant. | |

### ORDER

The matter before the court is the defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.  The parties agree that the motion may be decided as a matter of law, and that no hearing is necessary.

Donald Wayne Smith filed a petition for relief under chapter 13 of the Bankruptcy Code on April 20, 2009.  On July 20, 2009, Automotive Finance Corporation ("Automotive Finance") filed

the complaint in this adversary proceeding, seeking to except its debt from discharge pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6). Mr. Smith filed a motion to dismiss the § 523(a)(6) claim for failure to state a claim upon which relief may be granted, because claims for "willful and malicious injury" are dischargeable in a chapter 13 case.[1] Automotive Finance contends that because claims for willful and malicious injury may be excepted from discharge if a chapter 13 debtor seeks a "hardship discharge" under § 1328(b), it should be allowed to pursue its claims "with the proviso that in the event the Debtor completes all payments under his chapter 13 plan, then AFC's Section 523(a)(6) claim will be discharged." Automotive Finance contends that it would be a waste of financial and judicial resources to require two lawsuits should Mr. Smith seek a hardship discharge after the court considers the §§ 523(a)(2) and (a)(4) claims, and it raised concerns about its claims being time-barred.

Rule 4007(d) of the Federal Rules of Bankruptcy Procedure resolves the issue of whether a § 523(a)(6) complaint will be time-barred. That Rule provides:

> On motion by a debtor for a discharge under § 1328(b), the court shall enter an order fixing the time to file a complaint to determine the dischargeability of any debt under § 523(a)(6) and shall give no less than 30 days' notice of the time fixed to all creditors in the manner provided in Rule 2002. On motion of any party in interest after hearing on notice the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(d). Should Mr. Smith at some time in the future seek a hardship discharge, Automotive Finance will have an opportunity to renew its objection to the dischargeability of its debt, if it so chooses, pursuant to § 523(a)(6).

---

[1] An amended complaint and answer to amended complaint were also filed, containing the § 523(a)(6) claims and identical motion to dismiss, respectively.

Automotive Finance contends that nothing in Rule 4007(d) requires the filing and determination of § 523(a)(6) claims in chapter 13 cases, but instead it extends the statute of limitations in cases where debtors seek hardship discharges.  However, for this court to have subject matter jurisdiction, there must be a justiciable issue.  Here, the § 523(a)(6) claim is not ripe for decision because "resolution of the issue has no meaningful effect until and unless the debtor moves for hardship discharge, a contingency that occurs only in a small percentage of Chapter 13 cases."  In re Liescheidt, 404 B.R. 499, 505 (Bankr. C.D. Ill. 2009).  As the Liescheidt court explained,

> Where a debtor is proceeding toward a full compliance discharge, that would by definition discharge a Section 523(a)(6) debt, there is no reason to litigate the issue of whether the debt is, in fact, one for a willful and malicious injury. Whether it is or isn't doesn't matter, since it will be discharged either way if the debtor receives a full compliance discharge. Only if the debtor subsequently moves for a hardship discharge, which would not discharge a debt for a willful and malicious injury, would it matter. This principle is embodied in Rule 4007(d), which provides that when a debtor files a motion for hardship discharge, the court shall fix a deadline for creditors to file complaints under Section 523(a)(6) and provide notice of the deadline to all creditors.

404 B.R at 504.  The same is true here.  Unless and until Mr. Smith seeks a discharge pursuant to §1328(b), there is no reason to litigate whether the debt is one for willful and malicious injury.

The court is cognizant of the plaintiff's concern for efficient use of financial and judicial resources.  Of course, to the extent that the factual issues are the same as those in the §§ 523(a)(2) and (a)(4) claims, both parties will be able to avail themselves of the doctrines of collateral estoppel and res judicata where appropriate.

Based on the foregoing, the motion to dismiss the § 523(a)(6) claim is **ALLOWED**.

**END OF DOCUMENT**